

Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan (SBN 317857)
Deborah Nash, Esq. (SBN 118572)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:      lroistacher@deangazzo.com
               ksullivan@deangazzo.com
               dnash@deangazzo.com

Attorneys for Defendants
State of California by and through California
Highway Patrol, Officer Townsend and Officer
Quintero

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DOMINICK ALVARADO; N.A. 1; A.A. 1; A.A. 2; N.A. 2; X.A., minors, by and through Guardian Ad Litem, Olivia Watkins; and C.A., a minor, by and through Guardian Ad Litem, Ashley Vasquez; SHALYMMAR POOL, individually; FILIBERTO ALVARADO, individually, | Case No.: 2:25-cv-04059-PA-JPR <br><br> **JOINT STIPULATION TO MODIFY SCHEDULING ORDER** <br><br> Courtroom:  9A <br> Judge:        Hon. Percy Anderson <br> Magistrate:  Hon. Jean P. Rosenbluth <br><br> Complaint filed:   01/02/2025 <br> Trial Date:          None Set |
| Plaintiffs, | |
| v. | |
| THE STATE OF CALIFORNIA, a public entity; OFFICER TOWNSEND (#22902), individually; OFFICER QUINTERO (#22775), individually; and DOES 1-10, individually, | |
| Defendants. | |

Plaintiffs N.A. 1, A.A. 1, A.A. 2, N.A. 2, and X.A., minors, by and

through Guardian Ad Litem, Olivia Watkins; C.A., a minor, by and through

Guardian Ad Litem, Ashley Vasquez; Shalymmar Pool, individually; and

Filiberto Alvarado, individually; and Defendants State of California, Officer

///

Townsend, and Officer Quintero, by and through their respective attorneys of
record, hereby stipulate as follows.

### INTRODUCTION

1. Pursuant to this Court's Standing Order, Doc. 10, p. 7, ¶ 10, the parties
submit this joint stipulation to modify the current Scheduling Order. This is the
parties' **first** request to modify the Scheduling Order

2. The current and exiting dates are as follows:

| EVENT | DATE |
|---|---|
| Initial Expert Disclosure | 10/27/2025 |
| Rebuttal Expert Disclosure | 11/17/2025 |
| Discovery Cut Off | 12/22/2025 |
| Motion Deadline | 12/29/2025 |
| Settlement Conference Deadline | 1/5/2026 |
| Lodge And File Trial Documents | 1/23/2026 |
| Final Pretrial Conference | 2/6/2026 |
| Hearing on In Limine Motions/Disputed Jury Instructions | 2/23/2026 |
| Final Trial Exhibit Stipulation | 2/26/2026 |
| Jury Trial | 3/3/2026 |

*See* Docs. 19, 20.

3. This is an alleged positional asphyxiation case where Dominick
Alvarado died during an encounter with law enforcement allegedly because of
restraint or positional asphyxiation.

4. There are 7 plaintiffs, the decedent's surviving parents and five minor
children.

5. There are currently three defendants, State of California and California
Highway Patrol Officers Quintero and Townsend. Two additional CHP officers

2

were added as defendants in the third amended complaint (TAC) have not yet been served or appeared.

6. Plaintiffs have just substituted new counsel into the case. *See* Doc. 40.

7. New counsel for plaintiffs and counsel for the defendants have met and conferred several times regarding the Scheduling Order dates.

8. Given counsels' familiarity with these types of cases (including a case just litigated and tried before Judge Kronstadt lasting 9 trial days), counsel recognize this is not a straight-forward case. The medical issues regarding the cause of death are extremely complex, particularly in a case like this where the decedent also had drugs in his system. The discovery needed to get information for experts is extensive and the expert discovery itself is extensive. Thus, counsel do not believe the current Scheduling Order dates provide sufficient time to properly prepare the case and request they be continued.

9. Counsel propose and request a 6-month continuation of all the current dates as follows, which is consistent with what the parties requested in the Joint Rule 26 Report, *see* Doc. 17:

| EVENT | CURRENT DATE | PROPOSED NEW DATE |
|---|---|---|
| Deadline to Amend Pleadings/Add Parties | 9/15/2025 | None |
| Initial Expert Disclosure | 10/27/2025 | 4/27/2026 |
| Rebuttal Expert Disclosure | 11/17/2025 | 5/18/2026 |
| Discovery Cut Off | 12/22/2025 | 6/22/2026 |
| Motion Deadline | 12/29/2025 | 6/29/2026 |
| Settlement Conference Deadline | 1/5/2026 | 7/6/2026 |
| Lodge And File Trial Documents | 1/23/2026 | 7/24/2026 |
| Final Pretrial Conference | 2/6/2026 | 8/7/2026 |
| Hearing on In Limine Motions/Disputed Jury Instructions | 2/23/2026 | 8/24/2026 |
| Final Trial Exhibit | 2/26/2026 | 8/27/2026 |

3

| Stipulation | | |
|---|---|---|
| Jury Trial | 3/3/2026 | 9/1/2026 (5-7 days) |

## PROCEDURAL BACKGROUND

10.  On May 1, 2025, this action was removed from superior court to federal court by defendants.  Doc. 1.

11.  On May 5, 2025, the parties submitted a stipulation regarding the filing of a second amended complaint (SAC) by plaintiffs and defendants' response to the SAC.  Doc. 4.

12.  On May 6, 2025, the case was transferred to this Court.  Doc. 5.

13.  On May 7, 2025, this Court entered an order setting a Scheduling Conference for June 23, 2025.  Doc. 11.

14.  On May 8, 2025, this Court entered an order pursuant to the parties' stipulation (Doc. 4) allowing the filing of the SAC within 7 days and providing for defendants' response 21 days after filing of the SAC.  Doc. 13.

15.  On May 14, 2025, plaintiff filed the SAC and declarations under California Code of Civil Procedure § 377.32 for the minor plaintiffs that had not yet been filed.  Docs. 14, 15.

16.  On June 4, 2025, after meeting and conferring, defendants filed their motion to dismiss the second and third claims in the SAC.  Doc. 16.

17.  On June 6, 2025 the parties filed their joint Rule 26 report.  After meeting and conferring and based on the type of case, complexity of issues, number of plaintiffs and defendants, the number of fact and expert witnesses, and the amount of investigatory material prepared by CHP, the parties agreed to the following dates:

| EVENT | DATE |
|---|---|
| Last Day To Amend Pleadings | 7/28/2025 |
| Fact Discovery Deadline | 2/19/2026 |
| First Expert Disclosure | 2/26/2026 |

| Second Expert Disclosure | 3/13/2026 |
|---|---|
| Expert Discovery Deadline | 3/27/2026 |
| Discovery Motion Deadline | 4/26/2026 |
| Dispositive Motion Deadline | 6//15/2026 |
| Final Pretrial Conference | 8/7/2026 |
| Trial | 8/18/2026 |

Doc. 17.

18.  On June 9, 2025, the Court vacated the Scheduling Conference.  Doc. 19.  The Court set the following dates, which were much earlier than counsel believed necessary:

| EVENT | DATE |
|---|---|
| Deadline to Amend Pleadings/Add Parties | 9/15/2025 |
| Discovery Cut Off | 12/22/2025 |
| Motion Deadline | 12/29/2025 |
| Settlement Conference Deadline | 1/5/2026 |
| Lodge And File Trial Documents | 1/23/2026 |
| Final Pretrial Conference | 2/6/2026 |
| Hearing on In Limine Motions/Disputed Jury Instructions | 2/23/2026 |
| Final Trial Exhibit Stipulation | 2/26/2026 |
| Jury Trial | 3/3/2026 |

Doc. 19, p. 2.

The Court also noted the parties trial estimates (plaintiffs 3-4 days and defendants 5-7 days) and that "[b]ased on the Court's current understanding of this action, the parties are unlikely to have as much time to try the case as they appear to anticipate."  *Id.*, p. 1.

19.  On June 10, 2025, the Court issued the Civil Trial Scheduling Order confirming these previously noted dates.  Doc. 20.  The order also provided that initial expert witness designation and reports were due 8 weeks before the December 22, 2025 discovery cut off with rebuttal expert designation and reports

due three weeks later.  *Id.*, p. 2.   This made expert designations and reports due October 27 and November 17, 2025.

20.  On July 1, 2025, the Court denied defendants' motion to dismiss the SAC.  Doc. 26.

21.  On July 3, 2025, the Court entered a protective order pursuant to the parties' stipulation to facilitate exchange of confidential information.  Doc. 27.

22.  On July 10, 2025, defendants State of California and Officers Quintero and Townsend answered the SAC.  Doc. 28.

23.  On August 18, 2025, the parties filed a joint stipulation to bifurcate and remand the state law claims in the SAC.  Doc. 30.

24.  On August 18, 2025, plaintiffs moved for leave to file a third amended complaint (TAC) which made some clarifications but also sought to add two new defendants, Officers Stafford and Lee.  Doc. 31.

25.  On August 25, 2025, defendants State of California and Officers Quintero and Townsend filed a notice of non-opposition to plaintiffs' motion for leave to file the TAC.  Doc. 32.

26.  On September 10, 2025, the Court granted plaintiffs' motion for leave to file a TAC and ordered the filing of the TAC by September 15, 2025, and further ordered the proofs of service of the newly added defendants to be filed no later than October 15, 2025.  Doc. 33.  The Court also stated it could not grant the parties the relief sought in their stipulation to bifurcate and remand (Doc. 30) but invited a motion to dismiss the state claims without prejudice.

27.  On September 26, 2025, defendants State of California and Officers Quintero and Townsend answered plaintiffs' TAC.  Doc. 37.

28.  On September 30, 2025, the Court ordered, pursuant to the parties' stipulation, dismissal of the state law claims in the TAC without prejudice in order for plaintiffs to file in state court and to toll the statute of limitations on those claims.  Doc. 39.

29.  On October 16, 2025, plaintiffs filed a request to replace current counsel with attorneys Dale Galipo, Cooper Alison-Mayne and Sharon Brunner, and an amended request on October 22, 2025.  Docs. 40, 42.  The Court granted the request and ordered the substitution on October 23, 2025.  Doc. 43.

### GOOD CAUSE TO MODIFY THE SCHEDULING ORDER AS SOUGHT

30.  Counsel have worked together several times, including very recently in a restraint asphyxiation case that was tried before Judge Kronstadt, *Stephenson, et al. v. State, et. al,* 5:21−cv−00526−JAK−DTBx, between September 9 and September 18, 2025.  Counsel are very familiar with the complexity of the issues involved in cases like this, the amount of discovery needed, the time it will take and the experts both sides will likely retain.

31.  Counsel have concluded that the current Scheduling Order dates will not allow for appropriate case development and preparation and have agreed, subject to this Court's permission, to a continuance of all currently set dates.

**Two Defendants Have Not Yet Appeared**

32.  The newly added defendants – Officers Stafford and Lee – have not been served and have not yet appeared. Counsel for defendants does not yet know whether either officer will need separate counsel.

**Additional Time Is Needed To Complete Discovery**

33.  The parties exchanged initial disclosures.  Defendants produced CHP's investigation of the incident, consisting of thousands of pages and hours of audio and video recordings.  Counsel for defendants has just learned that additional investigatory material exists that exists and is in the process of obtaining it.  Disclosures will be supplemented and the additional material provided to plaintiffs' counsel once obtained.

34.  Defendants served and plaintiffs responded to a request for production of documents.  Defendants' counsel is not satisfied with the responses and will need to meet and confer with new counsel on further responses.

35.  On October 22, 2025, Defendants served additional written discovery.

36.  Plaintiffs served and defendants responded to request for production of documents.

37.  No depositions have yet been taken.  Counsel anticipate at least 10 non-expert depositions are necessary.  Counsel anticipate at least 7 experts in total.  Each side will  have a police practices expert and several medical experts.

38.  Counsel anticipate discovery disputes regarding subpoenas for the decedent's mental health and drug treatment records. And under 42 U.S.C. § 290dd-2, defendants must first obtain a court order allowing the subpoenas to be issued.

**Additional Time Needed For Expert Witness Designation And Disclosure**

39.  The status of the discovery makes the current expert disclosure dates difficult to meet and even if met the reports would be incomplete given the status of the discovery.  No expert for either side could prepare a proper report by October 27, 2025.

**Counsels' Trial Schedules**

40.  Counsel for defendants and plaintiffs' new counsel have a trial set to start on March 23, 2026 in the Northern District of California in *Yuriar, et al.  v. County of Alameda et. al.,* 4:23-cv-06438-KAW.

41.  Counsel for defendants and plaintiffs new counsel have a trial set to start on May 26, 2026 in the Central District of California in *Urquijo, et al.  v. State of California, et al.* 5:22-cv-02133-AH-DTBx.

42.  Counsel for defendants have a trial set to start on July 7, 2026 in the Eastern District of California in *Diaz, et. al. v. Bryant, et. al.*, 1:23-cv-01625-JLT-EPG.

43.   Dale Galipo's Current Trial Schedule

///

| CASE INFORMATION | TRIAL DATE |
| --- | --- |
| Gomez v. LVMP, et al. | 10/20/25 |
| Quair v. County of Kings, et al. | 11/10/25 |
| Vega-Colon v. Eulizier, et al. | 12/9/25 |
| Silva v. Stanislaus County, et al. | 1/5/26 |
| Ibarra v. Lee, et al. | 1/12/26 |
| Solis v. State of California, et al. | 1/20/26 |
| Barber v. County of San Bernardino, et al. | 1/26/26 |
| Quan v. County of Los Angeles, et al. | 2/10/26 |
| Petit v. City of Los Angeles, et al. | 2/17/26 |
| ***Alvarado v. State of California, et al.*** | ***3/3/26*** |
| Yuriar v. State of California, et al. | 3/23/26 |
| McGowan v. BNSF Railway, et al. | 3/27/26 |
| Maccani v. City of Los Angeles, et al. | 4/6/26 |
| Barnhill v. City of Hemet | 4/7/26 |
| Garcia v. Tustin, et al. | 4/14/26 |
| Salazar v. City of Torrance, et al. | 4/28/26 |
| Gonzalez v. Hemet, et al. | 5/11/26 |
| Urquijo v. State of California, et al. | 5/26/26 |
| Urena v. City of San Bernardino, et al. | 6/23/26 |
| Childs v. County of Los Angeles, et al. | 7/7/26 |
| Vasquez v. City of Los Angeles, et al. | 7/13/26 |
| Burise v. City of Stockton, et al. | 7/13/26 |
| Shirey v. County of Riverside, et al. | 8/4/26 |
| Adams v. City of Redding, et al. | 9/14/26 |
| Alvarez v. Pasadena, et al. | 10/13/26 |
| Manghane v. COSB, et al. | 10/13/26 |

9

| Smith v. City of Huntington Beach, et al. | 10/19/26 |
| Swart v. County of Riverside, et al. | 10/27/26 |
| Santana v. City of Anaheim, et al. | 11/2/26 |
| Sandoval v. County of San Bernardino | 11/6/26 |
| Adams v. City of Fontana | 12/1/26 |

**IT IS SO STIPULATED:**

Dated: October 24, 2025            **LAW OFFICES OF DALE K. GALIPO**

                                   By:    /s/   *Cooper Alison-Mayne*

                                   Dale K. Galipo
                                   Cooper Alison-Mayne
                                   Attorneys for Plaintiffs

Dated: October 24, 2025            Dean Gazzo Roistacher LLP
                                   By:   */s/ Lee H. Roistacher*
                                   Lee H. Roistacher
                                   Kimberly A. Sullivan
                                   Deborah Nash
                                   Attorneys for Defendants
                                   State of California by and through
                                   California Highway Patrol, Officer
                                   Townsend and Officer Quintero
                                   Email: lroistacher@deangazzo.com
                                          ksullivan@deangazzo.com
                                          dnash@deangazzo.com

## SIGNATURE CERTIFICATION

        Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this
document is acceptable to counsel for all parties and that I have obtained Plaintiff's
counsel's authorization to affix his/her electronic signature to this document.

Dated: October 24, 2025            */s/ Lee H. Roistacher*
                                   Lee H. Roistacher , declarant