UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4059 PA (JPRx) | Date | October 28, 2025 |
|---|---|---|---|
| Title | Estate of Dominick Alvarado, et al. v. The State of California, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS ORDER

    Before the Court is Defendants State of California, Officer Townsend and Officer Quintero's Joint Stipulation to Modify Scheduling Order. (Docket No. 44 ("Stipulation").) Defendants initially removed this action to this Court on May 1, 2025. On May 7, 2025, the Court issued its Order Scheduling Meeting of Counsel setting a Scheduling Conference for June 23, and required the parties to jointly submit their Federal Rule of Civil Procedure 26(f) scheduling report no less than fourteen days before the Scheduling Conference. (Docket No. 11.) The Court issued a Civil Trial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) on June 9, 2025. The Court's Scheduling Order referred the parties to the Court's Mediation Panel and established, among other dates, a trial date of March 3, 2026, a last date to hear motions of December 29, 2025, and a discovery cutoff date of December 22, 2025. (See Docket Nos. 19, 20.)

    Once the Court issues a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), that "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking to interpose an amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Good cause can be shown if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant for relief." Id. Although a court may consider other factors, such as whether amending the scheduling order would prejudice the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted).

    More than four months after the Court issued its Scheduling Order, the parties now seek a six month extension of the trial date, along with extensions of the discovery cutoff, expert witness designation, motion deadlines, and pretrial conference dates previously set by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4059 PA (JPRx) | Date | October 28, 2025 |
|---|---|---|---|
| Title | Estate of Dominick Alvarado, et al. v. The State of California, et al. | | |

In support of their request, the parties state that on August 25, 2025, defendants State of California and Officers Quintero and Townsend filed a notice of non-opposition to plaintiffs' motion for leave to file a Third Amended Complaint, which added two additional defendants. However, those newly named defendants have not been served and have not appeared, despite the Court's directive that service be completed by October 15, 2025. (See Docket No. 33.) On October 23, new counsel substituted in for plaintiffs. The Court additionally notes that, on August 18, 2025, the parties filed a Stipulation in which they agreed to "bifurcate the state law and federal law claims and remand the state law claims back to sate court on the condition that, upon remand, the state law claims are stayed." The Court denied that Stipulation on September 10, 2025, because, with the federal claims still pending, it could not decline to exercise supplemental jurisdiction over the state law claims as the parties requested. The parties then stipulated to dismiss their state law claims without prejudice and toll the applicable statutes of limitations as to the state law claims on September 26, 2025. The Court granted that Stipulation on September 30, 2025.

Counsel also assert that additional time is needed for discovery. In particular, defense counsel asserts that plaintiffs' prior responses to requests for production were inadequate and that he intends to meet and confer with plaintiffs' new counsel regarding further supplementation. Counsel further states that defendants served additional written discovery on October 22, 2025. However, counsel does not indicate when the original requests were served or when responses were received. The parties acknowledge that no depositions have been taken and that, despite the expiration of the expert designation deadline, no expert witnesses have been designated.

Counsel anticipate disputes over subpoenas for the decedent's mental health and substance abuse treatment records, which have not yet been served. Counsel concede that, pursuant to 42 U.S.C. § 290dd-2, a court order is required before such subpoenas may issue. Counsel also contends that the expired expert designation deadline does not allow sufficient time for either side to prepare compliant expert reports. Finally, counsel have submitted their respective trial schedules, though none of the identified dates conflict with the existing March 3, 2026 trial date.

Notwithstanding these representations, the parties fail to explain how any of these reasons justify a six-month extension of the discovery, motion, and trial deadlines. As early as May 8, when the parties first appeared before the Court to discuss the status of the case and discovery, the parties were aware of the complex medical issues and the need for discovery and expert testimony regarding the decedent's cause of death. Although the parties now assert that the current deadlines do not allow adequate time to prepare for trial, the Stipulation neither states

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-4059 PA (JPRx) | Date | October 28, 2025 |
|---|---|---|---|
| Title | Estate of Dominick Alvarado, et al. v. The State of California, et al. | | |

nor demonstrates that the existing deadlines could not have been met through the exercise of diligence.

The Court finds that the parties simply prefer to conduct discovery and prepare for trial according to their own preferences and prior practices, rather than in accordance with the deadlines established by the Court's Civil Trial Scheduling Order. Accordingly, the Court concludes the parties have not shown "good cause" under Rule 16(b) to justify a modification of the Scheduling Order.

Chief Justice John Roberts has emphasized the importance of eight words added to Rule 1, which provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. These new, underscored words make clear that litigants – not just judges – bear an obligation to use the rules to control the cost and burden of litigation. According to Chief Justice Roberts:

> Lawyers - though representing adverse parties – have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes.

This case has been using the resources of both the parties and this Court. The efficient administration of justice is better served by having this case proceed with trial as scheduled, rather than incurring additional delays. The Court has other cases on its docket, and rescheduling this case may adversely affect the rights of those parties, and impede the efficient, prompt resolution of their cases. There is abundant authority noting the public interest in moving cases to their conclusion. Additionally, at a time when this Court has a backlog of criminal cases due to the pandemic and the government shutdown, the Court has an interest in efficiently managing its ever growing and crushing docket of both civil and criminal cases, and the delay occasioned by granting the parties' Stipulation would directly and negatively impact the goal of the "just, speedy and inexpensive determination of every action and proceeding."

This action was removed to this court. The parties, however, subsequently agreed to pursue their state law claims in state court at a later date. The parties may well wish to consider returning to state court where the pace of litigation and state court procedures may be more in line with accommodating their litigation preferences and the effort and resources the parties are willing to devote to the prompt resolution of this action. This Court has limited resources and does not have the luxury to accommodate the parties' litigation preferences. The parties are ordered to meet and confer within the next seven calendar days to discuss whether it is in the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-4059 PA (JPRx) | Date | October 28, 2025 |
|---|---|---|---|
| Title | Estate of Dominick Alvarado, et al. v. The State of California, et al. | | |

parties' interests to stipulate to remand this action to state court where it was originally filed and where the Plaintiffs' state law claims are now pending. The parties shall file a Joint Report indicating whether they wish to have this Court remand the action to state court. The Joint Report shall be filed by November 6, 2025.

For all of the foregoing reasons, the Court concludes that the parties have failed to establish the "good cause" necessary to justify a modification of the Civil Trial Scheduling Order. The Court therefore denies the Stipulation.

IT IS SO ORDERED.